

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by S-125

Honorable B. M. Whiteacre
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. 0-2113
Re: Traveling expense of Criminal
District Attorney

We received your letter dated March 19, 1940, which is self-explanatory and reads as follows:

"Would the Criminal District Attorney of Grayson County, Texas be entitled to an expense allowance for a trip to Oklahoma City, Okla. in investigating a criminal case to be tried in the District Court of Grayson County, Tex.?

"For your information, the county of Grayson comprises the entire district in which the Criminal District Attorney operates."

The population of Grayson County, according to the last preceding Federal Census, was 65,843 (Texas Almanac, 1939-1940).

Sections (a) and (b) of Article 3899, Vernon's Annotated Civil Statutes, read, in part, as follows:

"(a) At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire,

Honorable B. M. Whiteacre, Page 2

burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. . . ."

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expenses. . . ."

Section (a) of the above quoted Article is applicable to officers on a fee basis. Section (b) is applicable to those officers on a salary basis.

Section 1 of Article 3912e, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; . . ."

Under the provisions of Article 3912e, Section 1, supra, the Criminal District Attorney of Grayson County is

540

Honorable B. M. Whiteacre, Page 3


a salaried officer, and it necessarily follows that Section b
of Article 3899, supra, is applicable to your question.

Sections (a) and (b) of Article 3899, supra, became ef-
fective on January 1, 1936, and were a part of S. B. No. 5,
44th Leg., 1st and 2nd Called Sessions, Ch. 465, page 1762.
It is to be noted that Section (a) of said Article specifically
provides that fee officers may be reimbursed for traveling
expenses. It is significant that Section (b) of said Article,
although enacted at the same time as Section a, does not
provide that salaried officers shall be reimbursed for tra-
veling expenses. Section (b) of Article 3899, supra, provides
that said officer "shall be empowered and permitted to pur-
chase and have charged to the county all reasonable expenses
necessary in the proper and legal conduct of his office, . ."
We are unable, under any valid rule of construction, to say
that the above quoted language provides for the allowance
of traveling expenses of any county or district officer
subject to the provisions of said Section of the Article.

We believe that our position is supported by H. B.
No. 57, Acts 45th Leg., 1st and 2nd Called Sessions, Ch. 37,
page 1817, which became effective July 7, 1937. Said Act
was codified as Section (c) of Article 3899, Vernon's Anno-
tated Civil Statutes, and reads as follows:

"(c)  Provided that in all counties of this
State having a population of not less than thirty
thousand, nine hundred (30,900) and not more than
thirty thousand, nine hundred and fifty (30,950)
according to the last preceding Federal Census
wherein there is no District Attorney and the
Criminal District Attorney performing the duties
of a District Attorney, such Criminal District
Attorney performing the duties of a District At-
torney shall be empowered and permitted to incur
reasonable and necessary expenses in investigating
crime and accumulating evidence in criminal cases;
and shall be allowed Three (3) Cents a mile for
each mile traveled by him in an automobile furnished
by him in the discharge of official business, which
sum shall cover all expenses of the maintenance,
depreciation, and operation of such automobile;
such expenses shall be reported to the Commissioners
Court of each county affected by this Act as other
expenses are reported and shall be paid by said
Commissioners Court as such other expenses are paid.
(As added Acts 1937, 45th Leg., 1st C. S., p. 1817,
ch. 57, § 1.)"

Honorable B. M. Whiteacre, Page 4

If the Criminal District Attorney of any county within the above population bracket was already entitled to traveling expenses under Section (b) of Article 3899, there would have been no need of the Legislature enacting Section (c) of said Article to specifically provide for said expenses. That the Legislature was aware of this, is borne out by the language in the emergency clause of H. B. No. 57, supra, (Article 3899, Section c) which is as follows:

"Sec. 3. The fact that there is not now any provision for Criminal District Attorneys performing the duties of District Attorneys in such counties authorizing them to incur expenses in investigating crime and accumulating evidence in criminal cases and that there are many cases where it is necessary for such Criminal District Attorneys to expend moneys in order to properly investigate crime and accumulate evidence in criminal cases create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be, and the same is hereby suspended, and this Act shall take effect and be in force from and after the date of its passage, and it is so enacted."

We are unable to find any authority for the allowance of traveling expenses to the Criminal District Attorney of Grayson County for making a trip to Oklahoma City, Okla. in investigating a criminal case to be tried in the District Court of Grayson County, Texas. The reply to your question is a negative answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

By *Lee Shoptaw*

Lee Shoptaw

APPROVED MAY 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

LS:GO

APPROVED OPINION COMMITTEE BY *BWB* CHAIRMAN